IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Wanda Scott, a/k/a,<br>Wanda Renae Scott Thomas,<br>　　　　　　　　　Petitioner,<br><br>vs.<br><br>State of South Carolina,<br>　　　　　　　　　Respondent. | Civil Action No. 6:08-1684-GRA-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

　　　　The petitioner, a former state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

　　　　Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND OF THE CASE

　　　　The petitioner is not currently confined in any facility within the South Carolina Department of Corrections ("SCDC") and is not confined within any county jail. She asserts in her petition that she was arrested in 1997 while in the state of Alabama on charges of unlawful conduct toward a child arising out of Abbeville County, South Carolina. She alleges these charges involved her own children and the charges were the result of domestic dispute. She alleges she was subsequently extradited to South Carolina to face these charges and she was indicted by the Eighth Circuit Solicitor's Office. After spending some significant time incarcerated awaiting trial, she alleges that Circuit Judge William

Keesley quashed her indictments around 1998 or 1999. She alleges, however, that the State refused to dismiss all charges and there is some active warrant in Abbeville County as a result of which there still exists a bond with conditions that require her to be at home between 11:00 p.m. and 6:00 a.m. and she cannot leave the State of South Carolina. The petitioner therefore asserts she is confined. The petitioner makes the following allegations (verbatim):

> **Ground One:** Due Process of Law Violation - State and Federal Constitution.
>
> a.    The prosecutors refused me a trial. They refused to dismiss my case.
>
> b.    Illegal search seizure. They lied to get local warrant. Lied to get extradition warrant and lied to Grand Jury.
>
> **Ground Two:** False arrest/False arrest felony fugitive warrant. I've been in prison 4½ months and house arrest 10½ years by request of State Court.
>
> a.    Extradited on a false arrest felony fugitive warrant. They broke in my house without a search warrant after I moved to Alabama. They set me up and then refused to give me a trial or dismiss the case.
>
> **Ground Three:** Denied right to counsel in prison/jail.
>
> a.    Denied right to counsel until bond reduction. Jailed from July 3/4, 1992 to Nov. 14, 1997.... Excessive bail $50,000 reduced to personal recognizance.
>
> **Ground Four:** It would be discrimination for disability to deny me freedom.
>
> a.    Because I'm not a lawyer and I've been too sick from their abuse and control to file.

On August 15, 2008, the respondent filed a motion for summary judgment. By order filed August 18, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if she failed to adequately respond to the motion. The petitioner

2

filed her response to the motion on August 18, 2008. She also filed an affidavit on September 3, 2008.

## ANALYSIS

The respondent states in its motion for summary judgment that this matter was investigated by contacting the Eighth Circuit Solicitor's Office. The respondent's attorney, J. Anthony Mabry, has spoken with the Solicitor for Abbeville County, Jerry Peace, and Deputy Solicitor Ben Shealy. Both have informed the respondent that they have no record or any pending charges on the petitioner. In fact, Deputy Solicitor Shealy investigated the allegations with the Abbeville County Clerk of Court's Office. According to Deputy Solicitor Shealy, the petitioner was in fact charged in 1997 and indicted by the Abbeville County Grand Jury; however, the indictments were quashed by Judge Keesley. The General Sessions Docket Report for Abbeville County shows that the warrant was entered as dismissed on June 9, 1999, the same day that Judge Keesley quashed the indictment (def. m.s.j., ex. A). According to Deputy Solicitor Shealy, his office has no pending warrants and his office could locate no pending warrants on the petitioner. At this time, Deputy Solicitor Shealy says there are no pending charges against the petitioner, and he is not aware of any bond related to any criminal charge that would restrict her movements or require her to be at home between 11:00 p.m. and 6:00 a.m. (def. m.s.j. 2).

Habeas relief is available only to one who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Custody is a jurisdictional requirement of the action. *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As argued by the respondent, the petitioner does not meet the custody requirement. Either actual incarceration or imposition of defined and identifiable restrictions in lieu of incarceration will satisfy the custody requirement. *Id.* at 490-91. Here, the record shows that the petitioner's indictment was quashed in 1999 by a circuit judge, and the solicitor's

office is aware of no outstanding bond that restricts the petitioner's movements or requires her to be in her home from 11:00 p.m. to 6:00 a.m. Based upon the foregoing, the petition should be dismissed for lack of jurisdiction.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 23) be granted.

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

December 19, 2008

Greenville, South Carolina