UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Wanda Scott, )<br>a/k/a Wanda Renae Scott Thomas, )<br>)<br>) Civil Action No.:6:08-cv-01684-GRA<br>Petitioner, )<br>)<br>v. ) **ORDER**<br>) (Written Opinion)<br>State of South Carolina; )<br>)<br>)<br>Respondent. ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., filed on November 25, 2008. The plaintiff originally brought this habeas corpus petition pursuant to 28 U.S.C. § 2254 on April 21, 2008. The respondent filed a Motion for Summary Judgment on August 15, 2008. The magistrate issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) on August 18, 2008. The magistrate recommends granting the respondent's Motion for Summary Judgment and dismissing the habeas petition. The magistrate based his recommendation on the fact that there no records suggesting that the petitioner is currently detained . For the reasons stated herein, this Court adopts the magistrate's Report and Recommendation in its entirety.

Petitioner brings this claim *pro se.* This Court is required to construe *pro se*

pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections, this Court need not give a detailed explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). The petitioner did not file any objections meeting this standard.

Additionally, the petitioner's claim is substantively without merit. "The federal habeas corpus statute requires that plaintiffs must be 'in custody' when the application for habeas is filed." *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986) (quoting 28 U.S.C. § 2254). In this instance, the defendant the petitioner has no state imposed restrictions. Accordingly, the defendant is not in custody, and thus her

claim must be dismissed.

IT IS SO ORDERED.

                                          G. ROSS ANDERSON, JR.
                                          UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

January 15, 2009

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.