IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Wanda Scott, a/k/a, )<br>Wanda Renae Scott Thomas, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>State of South Carolina, )<br>)<br>Respondent. )<br>) | Civil Action No. 6:08-1684-GRA-WMC<br><br>**O R D E R** |

       This matter is before the court on the petitioner's motion for waiver of Public Access to Court Electronic Records ("PACER") fees. The petitioner is proceeding *pro se* and *in forma pauperis* ("IFP"). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration. The petitioner seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

       In the complaint filed in this case, the petitioner alleges that she is being held "under house arrest" on the conditions that were set for her bail on Abbeville County child endangerment charges that were filed against her in 1997. It appears that the Abbeville County criminal charges were filed against her following an attempted relocation by the petitioner and her children while a custody claim was pending in her divorce case in Abbeville County Family Court. According to the petitioner, she was arrested and jailed in Alabama on undisclosed criminal charges and was then extradited back to South Carolina on the child custody interference charges that were filed by the South Carolina Department of Social Services ("DSS") on behalf of her now-ex-husband. The petitioner claims that those criminal charges were never dismissed by the Abbeville County Solicitor's office and that they are still pending against her. She contends that there still exists a bond with conditions that require her to be at home between 11:00 p.m. and 6:00 a.m. and she cannot leave the State of South Carolina. The petitioner therefore asserts she is confined.

On January 22, 2009, the Honorable G. Ross Anderson, Jr., Senior United States District Judge, adopted this court's recommendation and dismissed the petitioner's case because she is not in custody as required by the federal habeas corpus statute. The petitioner has appealed the dismissal of her case.

On March 10, 2009, the petitioner filed a motion for exemption of payment of PACER fees. This motion is denied for the reasons set forth by the District of Nebraska in *James v. City of Omaha*, No. 8:07CV121, 2007 WL 1725619, *1 (D. Neb. June 13, 2007):

> The PACER service center has identified when a court may grant a party an exemption from the PACER fees:
>
>> A court may, for good cause, exempt persons or classes of persons from the electronic public access fees, in order to avoid unreasonable burdens and to promote public access to such information. This language is intended to provide a mechanism by which a court may, upon appropriate demonstration of need, grant an exemption from fees for the use of electronic access to court data.
>
> The Judicial Conference Policy Notes further state that any such exemption should be the exception not the rule. Here, the court does not believe the Plaintiff has made the requisite showing of need for exemption from the fees for CM/ECF or PACER. Because the Plaintiff is proceeding IFP he will be provided with a copy of all court filings free of charge. Therefore, the Plaintiff's motion is denied.

*Id.*

Similarly, the petitioner in this case is proceeding *in forma pauperis* and will be provided with a copy of all court filings free of charge. Accordingly, her motion (doc. 52) is denied.

IT IS SO ORDERED.

_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

March 18, 2009
Greenville, South Carolina